Laurence M. Rosen, Esq. (SBN 219683)
THE ROSEN LAW FIRM, P.A.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Counsel for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHEL DESTA, Individually and on behalf of all others similarly situated, | Case No: |
| Plaintiff, | CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS |
| v. | |
| | JURY TRIAL DEMANDED |
| WINS FINANCE HOLDINGS INC., JIANMING HAO, RENHUI MU, PEILING (AMY) HE, AND JUNFENG ZHAO, | |
| Defendants. | |

Plaintiff Michel Desta ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants (defined below), alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through his attorneys, which included, among other things, a review of the Defendants' public documents, conference calls and announcements made by

– 1 –

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL
SECURITIES LAWS

Defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Wins Finance Holdings Inc. ("Wins" or the "Company"), and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.     This is a class action on behalf of persons or entities who purchased or otherwise acquired publicly traded Wins securities from October 29, 2015 through March 29, 2017, inclusive (the "Class Period"). Plaintiff seeks to recover compensable damages caused by Defendants' violations of the federal securities laws under the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

2.     The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

3.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, and Section 27 of the Exchange Act (15 U.S.C. §78aa).

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and Section 27 of the Exchange Act (15 U.S.C. § 78aa(c)) as a significant portion of Defendants' actions and the subsequent damages, took place in this judicial district.

5.     In connection with the acts, conduct and other wrongs alleged in this complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities exchange.

– 2 –

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

**PARTIES**

6.    Plaintiff, as set forth in the accompanying certification, incorporated by reference herein, purchased Wins securities during the Class Period and was economically damaged thereby.

7.    Defendant Wins is a company that provides financing solutions to small and medium enterprises in China. It offers services in the areas of financial leasing, guarantee, advisory, and consulting aspects. The company was founded in 2006 and is based in Beijing, China. It went public on the U.S. stock market on October 28, 2015 by reverse merger. The Company's principal executive offices were purportedly located at 7 Times Square, 37th Floor, New York, NY 10036. After the New York location of Wins' principal executive offices was called into question, the Company updated its SEC filings to list its principal executive offices at 1F, Building 7, No. 58, Jianguo Road, Chaoyang District, Beijing 100024, People's Republic of China. Wins' common stock is currently trades on The NASDAQ Capital Market ("NASDAQ") under the ticker symbol "WINS".

8.    Defendant Jianming Hao ("Hao") has been the Co-Chief Executive Officer ("CEO") and Chairman of the Board of Directors of the Company throughout the entire Class Period.

9.    Defendant Renhui Mu ("Mu") has been the Co-CEO and Chief Operating Officer ("COO") of the Company throughout the entire Class Period and a director since July 2016.

10.    Defendant Junfeng Zhao ("Zhao") has served as the Chief Financial Officer ("CFO") of the Company since August 2016 through the end of the Class Period.

11.    Defendant Peiling (Amy) He ("He") was the CFO of the Company since the beginning of the Class Period through August 18, 2016.

12.    Defendants Hao, Mu, Zhao and He are collectively referred to herein as the "Individual Defendants."

– 3 –

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

13.  Each of the Individual Defendants:

(a)  directly participated in the management of the Company;

(b)  was directly involved in the day-to-day operations of the Company at the highest levels;

(c)  was privy to confidential proprietary information concerning the Company and its business and operations;

(d)  was directly or indirectly involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein;

(e)  was directly or indirectly involved in the oversight or implementation of the Company's internal controls;

(f)  was aware of or recklessly disregarded the fact that the false and misleading statements were being issued concerning the Company; and/or

(g)  approved or ratified these statements in violation of the federal securities laws.

14.  Wins is liable for the acts of the Individual Defendants and its employees under the doctrine of *respondeat superior* and common law principles of agency because all of the wrongful acts complained of herein were carried out within the scope of their employment.

15.  The scienter of the Individual Defendants and other employees and agents of the Company is similarly imputed to Wins under *respondeat superior* and agency principles.

16.  Defendants Wins and the Individual Defendants are collectively referred to herein as "Defendants."

– 4 –

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL
SECURITIES LAWS

## SUBSTANTIVE ALLEGATIONS

### Background

17.     Wins was incorporated in the Cayman Islands on February 17, 2015. On October 26, 2015, the Company conducted a reverse merger with a Nasdaq-listed blank check company Sino Mercury Acquisition Corp. ("Sino") and went public on October 28, 2015. Sino's principle executive offices were located at 590 Madison Avenue, 21st Floor, New York, NY 10012.

18.     In anticipation of Wins begin publically traded, the Company issued a press release on October 28, 2015 in which Defendant Hao stated:

> This is an exciting opportunity to take an established company with great market opportunities and leverage its strong balance sheet to take its growth legacy to the next level… I'm confident that Wins' strong team with experience in the financial markets, combined with the experience of Sino Mercury's team in growing global businesses and identifying new platform opportunities, will provide significant value for our stockholders.

> \*      \*      \*

> This combination of resources positions us to make significant progress toward achieving our growth strategy, building upon our current businesses and exploring new opportunities…We believe the strength of our leadership and businesses, coupled with our focus on customer satisfaction and platform expansion, will continue to create value for the customers and employees of Wins.

19.     Pursuant to the Form 20-F for the year ended June 30, 2016 filed by the Company with the SEC on September 7, 2016, Wins is an integrated financing solution provider with operations located primarily in Jinzhong City, Shanxi Province and Beijing, China. Its clientele primarily consists of Chinese small and medium enterprises ("SME") which have insufficient or problematic credit history from the perspective of established big lending banks. Wins provides financing services to these enterprises by: (1) providing financial guarantees to SMEs to

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

secure credit facilities from lending banks and other financial institutions; (2) providing direct equipment leasing or purchase-lease-back services to SMEs to satisfy their working capital needs; and (3) providing financial advisory services to its clients.

### Materially False and Misleading
### Statements Issued During the Class Period

20.     The Class Period begins on October 29, 2015 when Wins began trading on NASDAQ. The Company's Prospectus previously filed on September 21, 2015 (the "Offering Prospectus"). The Offering Prospectus discussed Wins' potential for significant growth, stating in relevant part:

> WFG is an integrated financing solution provider with operations located primarily in Jinzhong City, Shanxi Province, and Beijing, China. WFG's goal is to assist Chinese SMEs, including microenterprises, which have limited access to financing, to improve their overall fund-raising capability and enable them to obtain funding for business development. Based on its due diligence investigations of WFG and the industry in which it operates, including the financial and other information provided by WFG in the course of their negotiations, Sino believes that a business combination with WFG will provide Sino stockholders with an opportunity to participate in a company with significant growth potential.

21.     On November 11, 2015, Wins filed a Form 10-Q with the SEC for the quarter ending September 30, 2015 (the "1Q15 10-Q"). The 1Q1510-Q was signed by Defendant He and contained Sarbanes-Oxley Act of 2002 ("SOX") certifications signed by Defendants Hao and He attesting to the accuracy of the 1Q1510-Q and that all fraud was disclosed. The 1Q1510-Q stated that Wins had adequate internal controls and complied with SEC regulations, stating in pertinent part:

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL
SECURITIES LAWS

**ITEM 4. CONTROLS AND PROCEDURES**

Jianming Hao, the Company's Chairman and Co-Chief Executive Officer, and Peiling (Amy) He, the Company's Chief Financial Officer, after evaluating the effectiveness of the Company's "disclosure controls and procedures" (as defined in Rules 13a-15(e) and 15d-15(e) under the Securities Exchange Act of 1934) as of the end of the period covered by this quarterly report (the "Evaluation Date"), *have concluded that as of the Evaluation Date the Company's disclosure controls and procedures were effective and designed to ensure that all material information relating to the Company required to be included in reports filed or submitted under the Securities Exchange Act of 1934 is recorded, processed, summarized and reported within the time periods specified in the rules and forms of the Securities and Exchange Commission (the "SEC") and to ensure that information required to be disclosed is accumulated and communicated to the Company's management, including its principal executive and financial officers, as appropriate to allow timely decisions regarding required disclosure.*

During the period covered by this quarterly report, *there were no changes in the Company's internal control over financial reporting that have materially affected, or are reasonably likely to materially affect, the Company's internal control over financial reporting.*

(Emphasis added).

22.    On February 23, 2016, Wins filed a Form 6-K ("2016 February 6-K") with the SEC. In the 2016 February 6-K, Wins designated for the first time in an SEC filing that its Principal Executive Offices were located at 7 Times Square, 37th Floor, New York, New York 10036. Previously, Wins' Principal Executive Offices were listed as 1F, Building 7, No. 58, Jianguo Road, Chaoyang District, Beijing 100024, People's Republic of China.

23.    On September 27, 2016, the Company filed an annual report on Form 20-F with the SEC announcing the Company's financial and operating results for

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

the fiscal year ended June 30, 2016 (the "2016 20-F"). The 2016 20-F was signed by Defendants Hao, Mu, and Zhao. The 2016 20-F contained signed SOX certifications by Defendants Hao, Mu, and Zhao attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal control over financial reporting and the disclosure of all fraud.

24.    The 2016 20-F discussed the Company's internal controls, stating in relevant part:

**(d) Changes in internal control over financial reporting**

There were no changes in our internal control over financial reporting (as defined in Rule 13a-15(f) of the Exchange Act) that occurred during the year ended June 30, 2016 that have materially affected, or are reasonably likely to materially affect, our internal control over financial reporting. It should be noted that while our management believes that our disclosure controls and procedures provide a reasonable level of assurance; our management does not expect that our disclosure controls and procedures or internal financial controls will prevent all errors or fraud. A control system, no matter how well conceived or operated, can provide only reasonable, not absolute, assurance that the objectives of the control system are met.

25.    The statements contained in ¶¶ 20-24 were materially false and/or misleading and/or failed to disclose that: (1) Wins did not maintain its principal executive offices in the United States; (2) Defendants intentionally misrepresented that its principal executive offices were located in the U.S. in order to be included in Russell 2000 index to inflate its stock price; (3) Wins was not in compliance with SEC regulations; (4) Wins had inadequate internal controls; and (5) as a result of the foregoing, Defendants' statements about its business, operations, and prospects, were materially false and misleading and/or lacked a reasonable basis at all relevant times.

– 8 –

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL
SECURITIES LAWS

## **THE TRUTH EMERGES**

26.     On December 9, 2016, *Seeking Alpha* published the article, "Wins Finance Holdings Is Overvalued: 75% Downside," which discussed how Wins' stock performance lacks any fundamental justification, stating in relevant part:

**Summary**

- ***Stocks that go up 1,400 percent in a year without any fundamental reason tend to come crashing down.***
- Wins Finance Holdings is managed by a CEO with a history of destroying shareholder value.
- At a very conservative valuation, WINS has 75 percent downside.

\*       \*       \*

Not only is WINS trading at absurd valuation metrics of every kind, the management team has a track record of shareholder destruction.

(Emphasis added).

27.     On this news, shares of Wins fell $34.51 per share or over 20% from its previous closing price to close at $110.62 per share on December 9, 2016, damaging investors.

28.     On December 12, 2016, *Seeking Alpha* published the article, "Wins Finance And The Case Of The Missing Headquarters" which stating that "[t]he CFO of Wins Finance was the financial controller of Agria Corporation, a company that had its stock delisted because of stock manipulation."

29.     On this news, shares of Wins fell $45.50 per share or over 32% over two trading days to close at $92.50 per share on December 13, 2016, further damaging investors.

30.     On February 2, 2017, *Seeking Alpha* published the article, "Potential Chinese Fraud - Wins Finance Holdings" which criticized Wins' management and detailed their prior involvement with securities fraud.

– 9 –

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

31.     On this news, shares of Wins fell $35.01 per share or over 10% over the next two trading day to close at $309.99 per share on February 6, 2017, further damaging investors.

32.     On March 30, 2017, *Seeking Alpha* published an article entitled "Wins Finance - Active SEC Investigation And Manipulation Of A Russell Index", disclosing that it appeared that certain SEC law enforcement activities on Wins were in progress based on an SEC Freedom of Information Act ("FOIA") request for information on any investigations into Wins.



UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
STATION PLACE
100 F STREET, NE
WASHINGTON, DC  20549-2465

Office of FOIA Services

March 7, 2017

Re:  Freedom of Information Act (FOIA), 5 U.S.C. § 552
     Request No. 17-01786-FOIA

Dear

     This letter responds to your request, dated and received in
this office on February 17, 2017, for all documents in the
possession of the SEC, dated from January 1, 2015 through
February 17, 2017, that pertain to investigations regarding Wins
Finance.

     We are withholding records that may be responsive to your
request under 5 U.S.C. § 552(b)(7)(A), 17 CFR § 200.80(b)(7)(i).
This exemption protects from disclosure records compiled for law
enforcement purposes, the release of which could reasonably be
expected to interfere with enforcement activities.  Since
Exemption 7(A) protects the records from disclosure, we have not
determined if other exemptions apply.  Therefore, we reserve the
right to assert other exemptions when Exemption 7(A) no longer
applies.

33.     The same article further disclosed that Wins intentionally misrepresented that it was headquartered in New York, U.S. to deceive Russell 2000 to include Wins into its index, in order to artificially pump up Wins' stock price. The article states in relevant part:

– 10 –

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL
SECURITIES LAWS

Currently ~125,000 shares are held by funds that track the indexes. Thus, removal from the Russell index would currently result in ~59 days of selling pressure (based on current average volume of 2,100 shares) and causing WINS to fall to at least the buy-out price by Freeman Fintech of $19.35 and quite possibly well below that.

The case for removing WINS from the multiple Russell indices is quite simple - WINS was only included in the Russell 2000 as a US company based on them claiming to have their principle headquarters in New York City.

This can be proven false by doing a simple visit to either of the claimed principal executive locations (590 Madison Avenue, 21st FL New York, NY 10022 or 7 Times Square 37th Floor New York NY 10036), but more importantly after being exposed in a SeekingAlpha for having a false HQ Wins has updated their SEC filings to show that they were using the incorrect address for their principal executive offices.

The update to their SEC filings should guarantee their removal from the Russell Indices in the coming rebalance if not sooner



Source

Russell was tricked into getting including WINS based on its Home Country Indicator Test: (Russell methodology for inclusion is on pages 12 & 13 of this doc)

- Country of incorporation - Cayman Islands and that entity owns an operating subsidiary in China

– 11 –

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

- Country of Headquarters was listed as NY, USA. *(Pss...that's not actually true)*

- Country of most liquid exchange is the USA on the Nasdaq

Thus, based on the above Russell assigned WINS to the Russell 2000 and millions of unsuspecting investors in Russell tracked products were suddenly forced to buy the largest pump & dump that Nasdaq has ever seen.

Following Wins Finance update to their SEC filed headquarters being located in Beijing, China the Russell would follow further steps to determine country assignment:

STEP 1 - Is the company incorporated in, traded in, and headquartered in one unique country?

No - (Caymans, USA, HQ in China) so move to Step 2

STEP 2 - Are the company's reported assets primarily located in the one of the HCIs?

Yes- China (See below asset disclosure) - so will be re-assigned to China and removed from the Russell index

**Risk relating to doing business in the PRC**

China's economic, political and social conditions, as well as regulatory policies, significantly affect the financial markets in China, as well as our liquidity, access to capital and ability to operate our business.

Our operating subsidiaries are incorporated, and our operations and assets are primarily located, in the PRC. Accordingly, our results of operations, financial condition and prospects are subject to economic, political and legal developments in China. China's economy differs from the economies of developed countries in many respects, including the amount of government involvement, level of development, growth rate, control of foreign exchange and allocation of resources. While China's economy has experienced significant growth in the past few decades, growth has been uneven across different regions and economic sectors and there is no assurance that such growth can be sustained or is sustainable. The PRC government has implemented various measures to encourage economic development and guide the allocation of resources. Some of these measures benefit the overall PRC economy, but may negatively affect us. For example, our financial condition and results of operations may be adversely affected by the following factors:

*If we continue through steps 3 & 4 we also end up with China as the answer not USA.*

STEP 3 - Are the company's reported revenues primarily located in one of the HCIs?

Yes- China

STEP 4 - Is the company headquartered in a non-BDI (Benefit Driven Incorporation) country?

– 12 –

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

YES - China

The fact that Wins Finance has been able to trick Russell into including them in the US indices and used their own controlled float to manipulate their valuation up to $6 billion is an appalling manipulation of the US market and has resulted in the theft from a multitude of US passive index investors that they might never know about."

34.    Later on the same day on March 30, 2017, *Bloomberg* published the article, "This Chinese Stock Soared 4,500% on Nasdaq and No One Knows Why" which provided greater details about Wins' fraudulent and manipulative conduct, including misrepresentations about its headquarters and location of assets. The *Bloomberg* article stated in relevant part:

The mystery begins on the 37th floor of a shiny Times Square skyscraper. That's where Wins's U.S. headquarters are located, according to Securities and Exchange Commission filings. ***But there aren't any signs of the business.***

\*        \*        \*

Wins Finance Holdings started trading on Nasdaq in October 2015. It was almost removed because it didn't have enough shareholders—only about 9 percent of available shares are held by institutional investors, according to data compiled by Bloomberg. Wins appealed the exchange's decision, and said in a February 2016 statement that it would remain listed.

That month the company also said it had switched its principal office to New York, paving the way for inclusion in the Russell 2000. It was added in June, during the index's annual reshuffling. Decisions are based on a company's market value, ***headquarters and location of assets***, among other factors, according to the website of FTSE Russell, which runs the indexes.

(Emphasis added).

– 13 –

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

35.     On this news, shares of Wins fell $135.61 per share or over 48% over the next two trading day to close at $144.99 per share on March 31, 2017, further damaging investors.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

36.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of all persons other than defendants who purchased or otherwise acquired publicly traded Wins securities during the Class Period, and who were damaged thereby (the "Class"). Excluded from the Class are Defendants, the officers and directors of Wins, members of the Individual Defendants' immediate families and their legal representatives, heirs, successors or assigns and any entity in which Officer or Director Defendants have or had a controlling interest.

37.     The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, Wins securities were actively traded on NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds, if not thousands of members in the proposed Class.

38.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by defendants' wrongful conduct in violation of federal law that is complained of herein.

39.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

– 14 –

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

40.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- whether the Exchange Act were violated by Defendants' acts as alleged herein;

- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the financial condition and business Wins;

- whether Defendants' public statements to the investing public during the Class Period omitted material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading;

- whether the Defendants caused Wins to issue false and misleading SEC filings during the Class Period;

- whether Defendants acted knowingly or recklessly in issuing false and SEC filing

- whether the prices of Wins' securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

41.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to

– 15 –

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

them. There will be no difficulty in the management of this action as a class action.

42.   Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- Wins shares met the requirements for listing, and were listed and actively traded on NASDAQ, a highly efficient and automated market;

- As a public issuer, Wins filed periodic public reports with the SEC and NASDAQ;

- Wins regularly communicated with public investors via established market communication mechanisms, including through the regular dissemination of press releases via major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services; and

- Wins was followed by a number of securities analysts employed by major brokerage firms who wrote reports that were widely distributed and publicly available.

43.   Based on the foregoing, the market for Wins securities promptly digested current information regarding Wins from all publicly available sources and reflected such information in the prices of the shares, and Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

44.   Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128 (1972), as Defendants

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

omitted material information in their Class Period statements in violation of a duty to disclose such information as detailed above.

## COUNT I

### For Violations of Section 10(b) And Rule 10b-5 Promulgated Thereunder Against All Defendants

45.   Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

46.   This Count is asserted against Defendants is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

47.   During the Class Period, Defendants, individually and in concert, directly or indirectly, disseminated or approved the false statements specified above, which they knew or deliberately disregarded were misleading in that they contained misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

48.   Defendants violated §10(b) of the 1934 Act and Rule 10b-5 in that they:

- employed devices, schemes and artifices to defraud;

- made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

- engaged in acts, practices and a course of business that operated as a fraud or deceit upon plaintiff and others similarly situated in connection with their purchases of Wins securities during the Class Period.

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

49.     Defendants acted with scienter in that they knew that the public documents and statements issued or disseminated in the name of Wins were materially false and misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated, or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the securities laws. These defendants by virtue of their receipt of information reflecting the true facts of Wins, their control over, and/or receipt and/or modification of Wins' allegedly materially misleading statements, and/or their associations with the Company which made them privy to confidential proprietary information concerning Wins, participated in the fraudulent scheme alleged herein.

50.     Individual Defendants, who are the senior officers and/or directors of the Company, had actual knowledge of the material omissions and/or the falsity of the material statements set forth above, and intended to deceive Plaintiff and the other members of the Class, or, in the alternative, acted with reckless disregard for the truth when they failed to ascertain and disclose the true facts in the statements made by them or other Wins personnel to members of the investing public, including Plaintiff and the Class.

51.     As a result of the foregoing, the market price of Wins securities was artificially inflated during the Class Period. In ignorance of the falsity of Defendants' statements, Plaintiff and the other members of the Class relied on the statements described above and/or the integrity of the market price of Wins securities during the Class Period in purchasing Wins securities at prices that were artificially inflated as a result of Defendants' false and misleading statements.

52.     Had Plaintiff and the other members of the Class been aware that the market price of Wins securities had been artificially and falsely inflated by Defendants' misleading statements and by the material adverse information which

– 18 –

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL
SECURITIES LAWS

Defendants did not disclose, they would not have purchased Wins securities at the artificially inflated prices that they did, or at all.

53.   As a result of the wrongful conduct alleged herein, Plaintiff and other members of the Class have suffered damages in an amount to be established at trial.

54.   By reason of the foregoing, Defendants have violated Section 10(b) of the 1934 Act and Rule 10b-5 promulgated thereunder and are liable to the plaintiff and the other members of the Class for substantial damages which they suffered in connection with their purchase of Wins securities during the Class Period.

## COUNT II

### Violations of Section 20(a) of the Exchange Act
### Against the Individual Defendants

55.   Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

56.   During the Class Period, the Individual Defendants participated in the operation and management of Wins, and conducted and participated, directly and indirectly, in the conduct of Wins's business affairs. Because of their senior positions, they knew the adverse non-public information about Wins's misstatement of revenue and profit and false financial statements.

57.   As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to Wins's financial condition and results of operations, and to correct promptly any public statements issued by Wins which had become materially false or misleading.

58.   Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which Wins disseminated in the

– 19 –

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

marketplace during the Class Period concerning Wins's results of operations. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause Wins to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of Wins within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of Wins securities.

59.    By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by Wins.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment and relief as follows:

(a)    declaring this action to be a proper class action, designating plaintiff as Lead Plaintiff and certifying plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and designating plaintiff's counsel as Lead Counsel;

(b)    awarding damages in favor of plaintiff and the other Class members against all defendants, jointly and severally, together with interest thereon;

awarding plaintiff and the Class reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(d)    awarding plaintiff and other members of the Class such other and further relief as the Court may deem just and proper.

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>**JURY TRIAL DEMANDED**</u>

Plaintiff hereby demands a trial by jury.

Dated: April 20, 2017

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

By: <u>/s/ Laurence M. Rosen</u>
Laurence M. Rosen, Esq. (SBN 219683)
355 S. Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Counsel for Plaintiff

– 21 –
CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS