Laurence M. Rosen (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Yu Shi (*pro hac vice*)
**THE ROSEN LAW FIRM, P.A.**
275 Madison Ave, 34th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile:  (212) 202-3827
Email: yshi@rosenlegal.com

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHEL DESTA, Individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> WINS FINANCE HOLDINGS INC., JIANMING HAO, RENHUI MU, AND JUNFENG ZHAO, <br><br> Defendants. | Case No: 2:17-cv-02983-CAS-AGR <br><br> <u>CLASS ACTION</u> <br><br> **PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS RENHUI MU AND JUNFENG ZHAO'S MOTION TO DISMISS** <br><br> Hon. Christina A. Snyder <br><br> Hearing Date: November 5, 2018 <br> Hearing Time: 10:00 a.m. <br> Courtroom: 8D |

# **TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................1

BACKGROUND ....................................................................................................2

    1.    Relevant Procedural Background..........................................................2

    2.    Relevant Factual Background ...............................................................3

ARGUMENT ..........................................................................................................4

    1.    The Complaint Adequately Pleads Section 10(b) Violations Against Mu and Zhao ...........................................................................4

        a.    The Court Has Already Ruled that the Complaint Adequately Pleads Scienter as to the Individual Defendants........................4

        b.    Mu and Zhao Signed Wins' SEC Filings Containing False Statements ................................................................................5

        c.    Mu and Zhao's Argument about Lack of Motivation to Commit Fraud Has Already Been Considered and Rejected by Court ....8

        d.    Lack of Stock Sales Does Not Negate Scienter.........................8

    2.    Mu and Zhao Are Liable Under Section 20(a)......................................9

    3.    Mu and Zhao's *Ad Hominem* Attacks are Unnecessary and Baseless ...............................................................................................10

CONCLUSION .....................................................................................................12

# TABLE OF AUTHORITIES

**Cases**                                                                                                          **Page(s)**

*Buttonwood Tree Value Partners, LP v. Sweeney*,
   2012 WL 13026910 (C.D. Cal. Dec. 10, 2012)..................................................9

*Curry v. Yelp Inc.*,
   875 F.3d 1219 (9th Cir. 2017) ..........................................................................7

*In re Am. Apparel, Inc. S'holder Litig.*,
   2013 WL 174119 (C.D. Cal. Jan. 16, 2013) ......................................................6

*In re Amgen Inc. Sec. Litig.*,
   544 F. Supp. 2d 1009 (C.D. Cal. 2008) ............................................................10

*In re Daou Systems, Inc.*,
   411 F.3d 1006 (9th Cir. 2005) ..........................................................................4

*In re LDK Solar Sec. Litig.*,
   584 F. Supp. 2d 1230 (N.D. Cal. 2008) ............................................................9

*In re Maxwell Techs., Inc. Sec. Litig.*,
   18 F. Supp. 3d 1023 (S.D. Cal. 2014)...............................................................9

*In re New Century*,
   588 F. Supp. 2d 1206 (C.D. Cal. 2008) ..........................................................6, 7

*In re Semtech Corp. Sec. Litig.*,
   2008 WL 11333471 (C.D. Cal. Dec. 15, 2008)................................................10

*Metzler Inv. GMBH v. Corinthian Colleges, Inc.*,
   *540 F.3d 1049 (9th Cir. 2008)*..........................................................................7

*No. 84 Employer-Teamster Joint Council Pension Trust Fund v. Am. W.*
   *Holding Corp.*,
   320 F.3d 920 (9th Cir. 2003) ............................................................................8

*Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*,
   96 F.3d 1151 (9th Cir.1996) ...................................................................... 10, 11

*Petrie v. Elec. Game Card Inc.*,
   2011 WL 165402 (C.D. Cal. Jan. 12, 2011) ......................................................7

*Pirraglia v. Novell, Inc.*,
   339 F.3d 1182 (10th Cir. 2003) ........................................................................9

*U.S. v. Alexander,*
   106 F.3d 874 (9th Cir. 1997) ............................................................................5

**Statutes**

15 U.S.C. § 78j(b) .................................................................................................4

**Rules**

Fed. R. Civ. P. 9(b) ..............................................................................................1

– ii –

Lead Plaintiffs Brian Gabrich, Christopher Ikeocha, and Raymond Mentor ("Plaintiffs") respectfully submit this Memorandum of Points and Authorities in opposition to defendants Renhui Mu ("Mu") and Junfeng Zhao ("Zhao")'s Motion to Dismiss the Amended Class Action Complaint ("Complaint").

## **INTRODUCTION**

In an order dated February 28, 2018 (the "Order"; Dkt. No. 44), the Court denied – in its entirety – the motion to dismiss Plaintiffs' Complaint filed by defendant Wins Finance Holding Inc. ("Wins" or the "Company"). The Order found that the allegations in the Complaint satisfy the heightened pleading standards of the Private Securities Litigation Reform Act of 1995 ("PSLRA") and Fed. R. Civ. P. 9(b), and adequately state a securities fraud claim under Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act").

Defendants Renhui Mu and Junfeng Zhao are top executives at Wins and reside in the People's Republic of China ("China" or "PRC"). They refused to allow their counsel, Loeb & Loeb LLP ("Loeb") – who was already representing Wins in this action – to accept service of the Complaint on their behalf, even though Mu and Zhao were both plainly aware of this lawsuit and were likely directing Wins' defense. Mu and Zhao's avoidance of service forced Plaintiffs to attempt service through the Hague Convention, and then to ultimately file a motion for alternate service, which the Court granted on July 17, 2018. Dkt. No. 62.

Now, rather than answering the Complaint – a Complaint that has already been sustained by the Court – Mu and Zhao instead file a motion to dismiss that rehashes arguments that the Court had already considered and rejected. Specifically, Mu and Zhao argue that the Complaint fails to allege scienter as to them. In the Order, however, the Court expressly ruled that the Complaint

– 1 –

adequately pleads scienter as to the individual defendants.[1]  Mu and Zhao's motion is a waste of the Courts' and parties' time, and should be dismissed in its entirety.

## BACKGROUND

### 1. Relevant Procedural Background

Plaintiffs filed the operative Complaint on August 25, 2017, alleging violations of Section 10(b) of the Exchange Act against Wins, Mu, Zhao, and Hao, and Section 20(a) of the Exchange Act against Mu, Zhao, and Hao.  Dkt. No. 32.

On October 24, 2017, Wins filed a motion to dismiss the Complaint. Dkt. No. 33.  Plaintiffs filed their opposition on December 22, 2017.  Dkt. No. 36. Following a hearing on February 12, 2018, the Court issued the Order, denying Wins' motion to dismiss in its entirety.  Dkt. No. 44.  The Order held, *inter alia*, that the Complaint adequately pleads the elements of a securities fraud claim under Section 10(b) of the Exchange Act, including falsity, scienter, loss causation, and reliance.  *Id.*

While Wins' motion to dismiss was pending, Plaintiffs asked Loeb – counsel for Wins in this action – to accept service of the Complaint for the PRC-based individual defendants: Mu, Zhao, and Hao. Dkt. No. 57-1. Loeb declined. *Id.*  After the Court denied Wins' motion to dismiss, Plaintiffs renewed their request to Loeb, asking whether Loeb would accept service on behalf of Mu and Zhao only (since Hao was no longer with the Company).  *Id.*  Loeb again declined.  *Id.*  All this time, Plaintiffs had been attempting to serve the individual defendants in China through the Hague Convention, but to no avail.

---

[1] The individual defendants named in the Complaint are Mu, Zhao, and Jianming Hao ("Hao"), who resigned from Wins in April 2017.

– 2 –

On June 12, 2018, Plaintiffs filed a motion for an order allowing Plaintiffs to serve Mu and Zhao by serving the summons and Complaint on Loeb.  Dkt. No. 57.  The Court granted Plaintiffs' motion on July 17, 2018.  Dkt. No. 62.  On July 18, 2018, Plaintiffs completed service on Mu and Zhao by serving Loeb.  Dkt. Nos. 63 & 64.

## 2.  Relevant Factual Background

This action chiefly involves Wins' misrepresentation of the location of its principal executive offices. [2] *See* ¶¶2-21. [3] The Complaint alleges that Wins misrepresented that its principal executive offices were located in New York City's Times Square (the "U.S. Address") when they were actually in China (the "Chinese Address"). *Id.* Wins misrepresented the address of its principal executive offices because if they were located in the U.S., Wins would be eligible for inclusion in the Russell 2000 Index. *Id.* Wins wanted to be in the Russell 2000 Index because Wins was having trouble attracting enough investors to meet Nasdaq requirements.  *Id.* Getting on the Russell 2000 Index would allow Wins to attract more shareholders.  *Id.*  When the public learned of Wins' fraud through several corrective disclosures, Wins' stock price dropped, damaging Plaintiffs and other Wins investors.  *Id.*

Mu and Zhao are two of Wins' top executives.  Mu is Wins' Chief Executive Officer ("CEO"), Chief Operating Officer ("COO"), and Chairman of Wins' board of directors, positions that he's held since April 3, 2017.  ¶41.  Prior to that, Mu was Wins' Co-CEO and sole COO.  *Id.*  Zhao has been Wins' Chief Financial Officer ("CFO") since August 2016, and became a member of Wins' board of directors in April 2017.  ¶42.

---

[2] The Court is already familiar with the facts of this case, having already ruled on Wins' motion to dismiss.  Plaintiffs will therefore only present a condensed summary of the facts here.

[3] All citations to "¶_" refer to paragraphs of the Complaint.  Dkt. No. 32.

– 3 –

Both Mu and Zhao signed Wins' public filings that falsely represented Wins' principal executive offices as being at the U.S. Address. Mu and Zhao each signed Wins' Form 20-F annual report for the fiscal year ended June 30, 2016 (the "2016 20-F"), which was filed with the U.S. Securities & Exchange Commission ("SEC") on September 27, 2016. ¶86. The 2016 20-F falsely represented that Wins' principal executive offices were located at the U.S. Address. ¶87. Mu and Zhao also signed the accompanying Sarbanes-Oxley Act ("SOX") certifications, attesting to the accuracy of the 2016 20-F and disclosure of all fraud. ¶86.

Both Mu and Zhao also signed Wins' amendment to the 2016 20-F (the "2016 20-F/A"), filed with the SEC on October 24, 2016, which continued to misrepresent Wins' principal executive offices as being located at the U.S. Address. ¶¶88-89. They likewise signed the accompanying SOX certification attesting to the 2016 20-F/A's truthfulness. *Id.*

## ARGUMENT

### 1. The Complaint Adequately Pleads Section 10(b) Violations Against Mu and Zhao

To state a securities fraud claim under Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), a plaintiff must allege: (1) a material misstatement or omission ("falsity"); (2) made with scienter; (3) made in connection with the purchase and sale of security; (4) transaction and loss causation; and (5) economic loss. *In re Daou Systems, Inc.*, 411 F.3d 1006, 1014 (9th Cir. 2005).

Mu and Zhao argue only that the Complaint fails to adequately allege their scienter. Not only are Mu and Zhao wrong, but the Court has already considered and rejected this very argument.

### a. The Court Has Already Ruled that the Complaint Adequately Pleads Scienter as to the Individual Defendants

In the Court's Order denying Wins' motion to dismiss, the Court held: "The Court agrees that based on plaintiffs' factual allegations, a strong inference

– 4 –

of scienter may be inferred because it would have been readily apparent to Wins' senior corporate executives that the company did not, in fact, maintain its principal executive offices in New York; and, therefore, the individual defendants must have known that the SEC filings they signed contained false statements. Defendants' arguments to the contrary are unavailing." Order, Dkt. No. 44 at Page 10.  The Order is clear: the Complaint adequately pleads scienter as to Mu and Zhao.

That the Court has already held that the Complaint adequately alleges scienter against Mu and Zhao is now the law of the case.  Under the "law of the case" doctrine, "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *U.S. v. Alexander,* 106 F.3d 874, 876 (9th Cir. 1997).  Courts may only depart from the law of the case if: "(1) the first decision was clearly erroneous; (2) an intervening change in the law has occurred; (3) the evidence on remand is substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result. Failure to apply the doctrine of the law of the case absent one of the requisite conditions constitutes an abuse of discretion." *Id.* Mu and Zhao have not shown – nor could they show – that any of those factors apply here.  There is thus no reason for the Court to depart from its earlier ruling.

The law of the case alone requires denial of Mu and Zhao's motion to dismiss.

### b. Mu and Zhao Signed Wins' SEC Filings Containing False Statements

While Mu and Zhao's motion should be denied solely on the basis of the law of the case doctrine, Plaintiffs will nevertheless address Mu and Zhao's arguments.

Mu and Zhao contend that Plaintiffs merely rely on "group pleading" and "corporate position" to allege Mu and Zhao's scienter.  This is not so.  The

– 5 –

Complaint does not attribute *unattributed* corporate statements to Mu and Zhao solely based on their corporate titles. Rather, the Complaint specifically alleges that Mu and Zhao each signed Wins' public filings (i.e. the 2016 20-F and 20-F/A) that misrepresented the location of Wins' principal executive addresses, and that Mu and Zhao also each signed false SOX certifications. ¶¶86-89.

Because the Complaint specifically alleges that Mu and Zhao signed Wins' SEC filings containing the false statements at issue, the Complaint does not rely on the sort of "group pleading" that Mu and Zhao accuses it of doing. Indeed, the cases that Mu and Zhao cite undermine their argument. In *In re Am. Apparel, Inc. S'holder Litig.*, 2013 WL 174119 (C.D. Cal. Jan. 16, 2013), after explaining that "group pleading" is one which "in its broadest form allows unattributed corporate statements to be charged to one or more individual defendants based solely on their corporate titles," the court goes on to explain why the plaintiffs did not engage in group pleading:

> Plaintiffs, however, do not seek to hold Charney and Kowalewski liable simply by virtue of the fact that they are corporate officers. Instead, the complaint alleges that both individuals signed a number of the SEC filings that contained allegedly false factual statements. Courts that have disapproved the group pleading doctrine have observed that an individual defendant's signature on a document containing actionable misrepresentations is a sufficient basis upon which to hold that defendant liable.

*Id.,* at *25.

Likewise, the Complaint here specifically alleges that Mu and Zhao signed SEC filings that contained false statements.

Other cases that Mu and Zhao cite fare no better. In *In re New Century*, 588 F. Supp. 2d 1206 (C.D. Cal. 2008), the court held that individual defendants may not be held liable for company-issued press releases that are not attributed to any individual. Nevertheless, the *New Century* court explained that "the group pleading doctrine is not fatal to allegedly misleading statements in SEC filings

– 6 –

signed by the Officer Defendants." *Id.* at 1224. Similarly, *Petrie v. Elec. Game Card Inc.*, No. SACV 10-00252 DOC, 2011 WL 165402 (C.D. Cal. Jan. 12, 2011) also involves corporate statements unsigned by and unattributed to any individual defendant. *Id.* at *3 ("Plaintiffs do not aver that any of these three Defendants signed any of the above-listed statements or authored the press releases"). This is not the case here.

Zhao and Mu also cite cases where courts have declined to find scienter based on corporate titles. In ruling on Wins' motion to dismiss, however, the Court has already considered and rejected this *exact same* argument. In the Order, the Court noted that "defendants maintain that…plaintiffs cannot allege scienter with particularity by asserting individuals within the company 'must have known' based on their corporate positions"; however, the Court held: "the location of a company's principal executive offices is not the kind of day-to-day activity of which management would not be aware." Order, at Page 10.

Indeed, it would be absurd to suggest that a company's CEO & COO (Mu) and CFO (Zhao) didn't know where the company's principal executive offices are located. Thus, this is different from the cases that Mu and Zhao cite, where it is reasonable that a company's officers may not have been aware of the alleged misconduct. *See e.g. Curry v. Yelp Inc.*, 875 F.3d 1219 (9th Cir. 2017) (Yelp's top executives may not have been aware that certain Yelp salespersons would remove good reviews or promote bad reviews if a business declines to advertise with Yelp); *see also Metzler Inv. GMBH v. Corinthian Colleges, Inc.,* 540 F.3d 1049 (9th Cir. 2008) (no showing that top executives were aware of alleged fraudulent practices to maximize federal Title IV funding).[4]

---

[4] Mu and Zhao also argue that they only signed the 20-F and 20-F/A in September and October 2016, or six month after Wins first made the fraudulent representation that its principal executive offices were at the U.S. Address. This is

— 7 —

### c. Mu and Zhao's Argument about Lack of Motivation to Commit Fraud Has Already Been Considered and Rejected by Court

Mu and Zhao also argue that there was no motivation to fraudulently get Wins listed on the Russell 2000 Index because Wins didn't need additional shareholders. This *exact same* argument was extensively briefed in Wins' motion to dismiss (Dkt. No. 33-1) and Plaintiffs' opposition to Wins' motion to dismiss (Dkt. No. 36). The Court's Order analyzed this issue in detail and rejected Wins' argument attacking Plaintiffs' motivational theory. Order, at Pages 11-12.

Plaintiffs therefore respectfully refer the Court to the Order for the Court's analysis and ruling concerning this argument. To briefly summarize, this argument fails because: (1) while Wins appealed Nasdaq's initial delisting determination and earned a reprieve, it was never "off the hook" for meeting Nasdaq's minimum shareholding requirements, as evidenced by Nasdaq's subsequent delisting determination letter stating that it was seeking to delist Wins for, among other things, lying about meeting minimum shareholding requirements and failure to meet shareholding requirements; and (2) the reason why Wins had "hundreds, if not thousands" of shareholders during the Class Period was because it manipulated its way onto the Russell 2000 Index. *See* Order, at Pages 11-12.

### d. Lack of Stock Sales Does Not Negate Scienter

Mu and Zhao's only new argument – one that the Court hasn't already considered and rejected in its Order denying Wins' motion to dismiss – is that their lack of Class Period stock sales negate scienter. But numerous courts, including the Ninth Circuit, have held that lack of stock sales is not dispositive as to scienter. *See, e.g. No. 84 Employer-Teamster Joint Council Pension Trust Fund v. Am. W. Holding Corp.*, 320 F.3d 920, 944 (9th Cir. 2003) ("Scienter can

irrelevant. There is no requirement that they needed to have signed the first false statement.

be established even if the officers who made the misleading statements did not sell stock during the class period.... In other words, the lack of stock sales by a defendant is not dispositive as to scienter."); *Buttonwood Tree Value Partners, LP v. Sweeney*, 2012 WL 13026910, at *2 (C.D. Cal. Dec. 10, 2012) ("the absence of stock sales is not dispositive [of scienter]"); *Pirraglia v. Novell, Inc.*, 339 F.3d 1182, 1191 n. 12 (10th Cir. 2003) (declining to negate scienter or infer lack of motive to defraud from fact defendants did not sell their stock); *In re LDK Solar Sec. Litig.*, 584 F. Supp. 2d 1230, 1255 (N.D. Cal. 2008) ("[P]laintiffs did not rely on allegations of insider trading to establish scienter, so the lack of stock sales by defendants did not negate the inference of scienter.").

Moreover, as the court in *In re Maxwell Techs., Inc. Sec. Litig.*, 18 F. Supp. 3d 1023, 1044 (S.D. Cal. 2014) explained, there are many reasons why a guilty defendant may choose not to unload stock:

> The fact that there were no stock sales during this period can be interpreted to support an inference that [the individual defendants] were unaware of this misconduct. However, it is also consistent with the inference that the individual defendants mistakenly believed that the fraud would remain hidden and they ultimately would be able to reap the benefits of the inflated stock value. The individual defendants may well have believed that they could engage in fraud and retain their stock without suffering financial losses.

*Id.* at 1044 (internal citations omitted).

Indeed, the mere fact that Mu and Zhao did not sell stock during the Class Period is not dispositive of scienter.

### 2. Mu and Zhao Are Liable Under Section 20(a)

Separately and independent of whether Mu and Zhao are liable under Section 10(b), they are liable under Section 20(a) as control persons of Wins.

The Complaint alleges that Mu is the CEO, COO and Chairman of Wins (and previously the Co-CEO), and that Zhao is the CFO of Wins, and that the two of them signed: (a) the 2016 20-F and 2016 20-F/A; and (2) false SOX

– 9 –

certifications. This is sufficient to allege control person liability. It is well-settled that "an officer or director who has signed financial statements containing materially false or misleading statements qualifies as a control person." *In re Amgen Inc. Sec. Litig.*, 544 F. Supp. 2d 1009, 1037 (C.D. Cal. 2008) (collecting cases); *see also, In re Semtech Corp. Sec. Litig.*, 2008 WL 11333471, at \*16–17 (C.D. Cal. Dec. 15, 2008) ("Plaintiff has also sufficiently alleged that the [named officer defendants] may qualify as controlling persons under Section 20(a) because plaintiff alleges that they signed and certified some of the allegedly misleading financial statements.").

Moreover, in the Ninth Circuit, a plaintiff is not required to plead a corporate officer's scienter or culpable participation to sufficiently allege a Section 20(a) control person claim. *Paracor Fin., Inc. v. Gen. Elec. Capital Corp.,* 96 F.3d 1151, 1161 (9th Cir.1996) ("the plaintiff need not show the controlling person's scienter or that they 'culpably participated' in the alleged wrongdoing.").

Hence, since the Court has already found that Wins violated Section 10(b), Mu and Zhao are liable under Section 20(a) as control persons of Wins.[5]

### 3. Mu and Zhao's *Ad Hominem* Attacks are Unnecessary and Baseless

Mu and Zhao make several gratuitous, *ad hominem* attacks in their brief. These attacks are not only uncalled for, but are also completely irrelevant to the issues at hand. Nevertheless, Plaintiffs feel compelled to respond to the accusations of bad faith.

**One**, Mu and Zhao state in a footnote[6] that Plaintiffs "purposefully" avoided serving Jianming Hao with the Summons and Complaint despite

---

[5] Mu and Zhao baldly asserts – without citing to any authority – that they may only be liable under Section 20(a) if one of the individual defendants is found to have violated Section 10(b). This is plainly wrong, and it is no surprise that Mu and Zhao could not cite a single authority to support this erroneous assertion.

– 10 –

Plaintiffs' "knowledge" that Hao lives in Rye, New York. This attack is groundless (and not at all germane to the issues presented in the instant motion).

Firstly, it has always been Plaintiffs' understanding that Hao resided, and still resides, in China. Indeed, on multiple occasions, Plaintiffs' counsel reached out to Mu and Zhao's counsel, Loeb, asking whether they would accept service of the "PRC-based defendants" Hao, Mu, and Zhao. *See* Exhibits 1 and 2 to the Declaration of Yu Shi in Opposition to Defendants Renhui Mu and Junfeng Zhao's Motion to Dismiss ("Shi Decl."), submitted herewith. In refusing to accept service, not one time did Loeb correct Plaintiffs' counsel and tell Plaintiffs' counsel that Hao was living in the U.S. *Id.*

Secondly, in attempting to locate an address in China at which to serve Hao, Plaintiffs found an article in the Chinese media reporting that Hao was a founding partner of a Chinese auto company in Bazhou, China. Shi Decl., Ex. 3. This article, dated March 13, 2018, also includes a picture of Hao. Shi Decl., Ex. 3 at Page 2 (bottom). This picture of Hao resembles the picture of Hao in another Chinese news article about Hao's affiliation with Wins. Shi Decl., Ex. 4.

Thirdly, nevertheless, upon reading the accusation in Mu and Zhao's brief that Plaintiffs somehow purposefully failed to serve Hao, Plaintiffs hired a process server to attempt to serve Hao at his purported address in Rye, New York. Not only did the process server fail to find Hao (or anybody else) at the Rye address despite four attempts at different hours of the day on four different days, she also noted that the residence looked like it may be vacant or a vacation home, and that the entire property looked like it had not been maintained for a period of time. Shi Decl., Ex. 5.

Mu and Zhao's accusation that Plaintiffs intentionally avoided serving Hao is without any basis whatsoever.

---

[6] Mu and Zhao's brief (Dkt. No. 68), Footnote 4.

– 11 –

**Two**, in another footnote,[7] Mu and Zhao accuse Plaintiffs of "purposefully" failing to include in the Complaint that Nasdaq withdrew its second delisting determination letter on October 19, 2017. Firstly, Plaintiffs' Complaint was filed on August 25, 2017, the Nasdaq determination to withdraw the second delisting determination letter was announced on October 20, 2017 – two months after Plaintiffs' Complaint was filed. Plaintiffs could not "purposefully" omit to include something that had not yet happened. Secondly, that Nasdaq eventually withdrew its August 2017 delisting determination four month after the end of the Class Period is irrelevant; it doesn't prove that Wins had always satisfied Nasdaq's minimum shareholding requirements. Indeed, it is not known why Nasdaq withdrew the second delisting determination; it may be because Wins presented a plan to gain compliance; it may just be a temporary reprieve, etc. What it doesn't change is that Nasdaq *did* issue the second delisting letter, which demonstrates that as late as August 2017 – two months after the end of the Class Period – whether Wins met Nasdaq's minimum shareholding requirements was still not a settled issue. Therefore, Wins continually had the need, and was motivated to, acquire and maintain sufficient shareholders throughout the Class Period.

In any event, this is not news to the Court; Wins' October 20, 2017 press release announcing Nasdaq's withdrawal of the second delisting determination letter was already presented to the Court as part of Wins' submission in connection with its failed motion to dismiss. *See* Dkt. 33-13.

## CONCLUSION

Mu and Zhao already wasted everyone's time by refusing to allow their counsel Loeb to accept service on their behalf. This forced Plaintiffs to first go through the Hague Convention to try to serve them in China, and then to

---

[7] Mu and Zhao's brief (Dkt. No. 68), Footnote 3.

ultimately ask the Court's permission to serve them through Loeb.  Now that Mu and Zhao have been served, instead of answering the Complaint, they waste everyone's time and resources yet again by filing a motion to dismiss arguing lack of scienter when the Court had already found that they acted with scienter.  Mu and Zhao's motion to dismiss should be denied in its entirety.

Dated: September 28, 2018                  Respectfully submitted,

                                           **THE ROSEN LAW FIRM, P.A.**

                                           By: /s/ Laurence M. Rosen
                                           Laurence M. Rosen (SBN 219683)
                                           355 S. Grand Avenue, Suite 2450
                                           Los Angeles, CA 90071
                                           Telephone: (213) 785-2610
                                           Facsimile: (213) 226-4684
                                           Email: lrosen@rosenlegal.com

                                           Yu Shi (*pro hac vice*)
                                           275 Madison Ave, 34th Floor
                                           New York, NY 10016
                                           Telephone: (212) 686-1060
                                           Facsimile:  (212) 202-3827
                                           Email: yshi@rosenlegal.com

                                           *Counsel for Plaintiffs*

                                           **BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
                                           Peretz Bronstein
                                           60 East 42nd Street, Suite 4600
                                           New York, NY 10165
                                           Tel: (212) 697-6484
                                           Fax: (212) 697-7296
                                           Email: peretz@bgandg.com

                                           *Additional Counsel for Plaintiffs*

– 13 –

## CERTIFICATE OF SERVICE

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am an attorney with The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA, 90071. I am over the age of eighteen.

On September 28, 2018, I electronically filed the foregoing PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS RENHUI MU AND JUNFENG ZHAO'S MOTION TO DISMISS with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to counsel of record.

Executed on September 28, 2018

/s/ Laurence M. Rosen
Laurence M. Rosen

– 14 –