UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL                    'O'

| Case No. | 2:17-cv-02983-CAS-AGRx | Date | January 27, 2026 |
|---|---|---|---|
| Title | Michel Desta v. Wins Finance Holdings Inc. et al | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

Proceedings:      (IN CHAMBERS) - ORDER VACATING PRELIMINARY APPROVAL OF SETTLEMENT

## I.      INTRODUCTION & BACKGROUND

On April 20, 2017, plaintiff Michel Desta commenced this putative class action alleging violations of the Securities Exchange Act of 1934, 15 U.S.C. § 78(a) et seq. ("the Exchange Act") against defendants Wins Finance Holdings Inc. ("Wins"), Jianming Hao ("Hao"), Renhui Mu ("Mu"), Junfeng Zhao ("Zhao"), and Peiling He ("He").[1]

The parties are familiar with the factual allegations of the complaint, which are summarized in the Court's order on November 9, 2018.  Dkt. 80 at 3-7.

On November 26, 2018, lead plaintiffs filed a notice of settlement.  Dkt. 81.  The settlement is between lead plaintiffs, on behalf of themselves and each member of a settlement class, and Wins, on behalf of itself and Mu and Zhao.  Dkt. 84-1 (the "Settlement Agreement") at 1.  On February 26, 2019, the Court granted lead plaintiffs' motion for preliminary approval of class action settlement.  Dkt. 90.  The Court's order set a date for notice to class members and a date for a hearing on final approval of the settlement.  Dkt. 90 ¶¶ 6, 12, 17.

The parties jointly applied for a series of continuances for the hearing on final approval of the settlement while Wins pursued financing for the settlement fund.  Dkts. 92, 95, 97, 99, 101, 104, 107, 109, 111, 113, 116, 120, 122, 124, 126, 128, 130, 132, 134,

---

[1] The amended complaint removed He as a defendant; and she was terminated as a party by the Court on September 16, 2017.  See Dkt. 32.  Hao resigned from Wins in April 2017, and was not served by plaintiffs.  Accordingly, Hao was terminated as a party by the Court on October 9, 2018.  Dkt. 73.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:17-cv-02983-CAS-AGRx | Date | January 27, 2026 |
|----------|------------------------|------|------------------|
| Title | Michel Desta v. Wins Finance Holdings Inc. et al | | |

139, 146, 148, 152, 154, 156, and 163. Nearly seven years after the Court granted preliminary approval of the settlement, Wins has not obtained the requisite approvals from the Chinese government to release funds to the United States. Wins continues to pursue financing to be received outside of China, upon the receipt of which Wins will be able to fund the settlement.

On November 17, 2025, lead plaintiffs filed a motion to enforce the settlement and reduce the settlement to a judgment in the settlement amount. Dkt. 166. On December 1, 2025, Wins filed an opposition and counter-proposed judgment. Dkt. 167. On December 8, 2025, the Court held a hearing. On December 12, 2025, the Court denied plaintiffs' motion for the entry of judgment against Wins and ordered the parties to submit supplemental briefing on the issue of whether preliminary approval of the Settlement Agreement should be vacated because of Wins' failure to obtain government approvals necessary to fund the settlement. Dkt. 169. On January 12, 2026, plaintiffs filed their supplemental brief. Dkt. 170. On January 12, 2026, Wins filed its supplemental brief. Dkt. 171. On January 26, 2026, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court rules as follows.

A.    **Settlement Agreement**

The Settlement Agreement proposed a "Settlement Class" of "all persons and entities who purchased or otherwise acquired the common stock of Wins Finance Holdings Inc. during the period from February 23, 2016 through June 7, 2017, inclusive." Dkt. 84-1 at ¶ 1.30. The Settlement Class excludes persons who file valid and timely opt out requests. Id. The Settlement Agreement proposed a "Settlement Amount" of $1,260,000 to form the "Settlement Fund." Id. at ¶¶ 1.29, 1.33.

The Settlement Agreement requires Wins or its subsidiary to make all necessary applications to the required agencies of the Chinese government for permission to wire the Settlement Amount to the escrow account for the settlement. Id. ¶ 2.1. Within three business days of Wins or its subsidiary receipt of the grant of the necessary governmental approvals, Wins or its subsidiary must pay or cause the payment of the Settlement Amount to the escrow account. Id.

In the event that Wins or its subsidiary receives written notice from the Chinese government declining, deferring, conditioning, and/or rejecting Wins' or its subsidiary's request for permission to wire the Settlement Amount to the escrow account in the United States, the Settlement Agreement requires the parties to "engage in further good-faith

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL                          'O'

| Case No. | 2:17-cv-02983-CAS-AGRx | Date | January 27, 2026 |
|---|---|---|---|
| Title | Michel Desta v. Wins Finance Holdings Inc. et al | | |

negotiations to establish either: (a) the preparation and submission of an additional and/or revised request for approval from the government of the PRC of the payment of the Settlement Amount; or (b) an alternate means and/or mechanism for the payment of the Settlement Amount." Id. ¶ 10.3.

If the Settlement Amount is not paid into the escrow account, the Settlement Agreement provides that "Lead Plaintiffs, on behalf of the Settlement Class, and not Defendants (other than in accordance with ¶¶ 10.1 and 10.6), shall have the right to: (a) terminate the Settlement and Stipulation by providing written notice to Defendants at any time prior to the Court's entry of the Final Judgment; or (b) enforce the terms of the Settlement and this Stipulation and seek a judgment effecting the terms herein." Id. at ¶ 10.3. Paragraph 10.6 of the Settlement Agreement provides defendants an option to terminate the Settlement if the number of potential class members that opt out of the settlement purchased Wins common stock during the class period that in the aggregate exceeds an amount specified in a separate supplemental agreement between the parties. Id. at ¶ 10.6.

## IV.   DISCUSSION

Plaintiffs maintain that the Court should reduce the Settlement Amount to a judgment in favor of plaintiffs as the contractually appropriate and most equitable and efficient path forward. Dkt. 170 at 5. Plaintiffs maintain that Wins has breached the Settlement Agreement by failing to fund the Settlement Fund. Id. at 2. Plaintiffs argue that Chinese governmental non-approval does not excuse performance by Wins but rather triggers Wins's contractual duties to continue seeking approval or employ alternative payment routes. Id. at 3. Plaintiffs argue that defendants have waived the right to notice as a prerequisite to entry of judgment. Id. Plaintiffs argue that plaintiffs have no objections to issuing class notice if Wins advances sufficient funds for some form of notice to be issued. Id. at 4. Plaintiffs argue that if the Settlement Agreement is rejected by the Court and plaintiffs prevail on the merits, plaintiffs would arrive at a similar scenario where plaintiffs are unable to collect any judgment only after expending much more litigation costs. Id. Plaintiffs contend that it is doubtful that Wins can pay their counsel to continue defending this lawsuit, and that plaintiffs will ultimately obtain a judgment. Id. at 5.

Wins maintains that it has not breached the settlement agreement and that payment of the Settlement Amount is subject to the condition precedent of receiving approval

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**              **'O'**

| Case No. | 2:17-cv-02983-CAS-AGRx | Date | January 27, 2026 |
|---|---|---|---|
| Title | Michel Desta v. Wins Finance Holdings Inc. et al | | |

from the Chinese government.  Dkt. 171 at 2.  Wins also maintains that it has not waived its termination rights based upon shareholder opt-outs.  Id. at 3.  Wins believes that there is only a remote possibility that the requisite Chinese governmental approvals will be issued in the near future, and Wins states that it has been pursuing financing outside of China that could be used to fund the settlement.  Id. at 2-3.  At the hearing on January 26, 2026, counsel for Wins stated that financing efforts are in progress, and if successful, Wins may be able to fund the settlement with investor funds and without requiring approvals from the Chinese government.  At the hearing, Wins requested that the Court allow additional time for Wins to pursue this financing.  Finally, in its supplemental brief, Wins asks that the Court provide the parties with a brief opportunity to negotiate a new settlement if the Court rejects the Settlement Agreement.  Dkt. 171 at 4.

Federal Rule of Civil Procedure 54(b) grants district courts authority to vacate or revise "any order or other decision, however designated, that adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties . . . at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

The Court finds that plaintiffs have not established that Wins breached the Settlement Agreement by failing to obtain the requisite approvals from the Chinese government for the release of funds to the United States.  Wins continues to pursue means of financing the Settlement Fund.  However, these efforts have proven unsuccessful to date.  Nearly seven years has passed since the Court preliminarily approved the settlement.  See dkt. 90 (issued February 26, 2019).  Given the intervening circumstances, specifically the inability of Wins to receive the requisite Chinese governmental approvals for the release of funds from China to the United States, the Settlement Agreement does not appear likely to be effectuated.  Accordingly, the Court must set aside its order preliminarily approving the settlement, dkt. 90, because the settlement agreement no longer meets the requirements of Fed. R. Civ. P. 23(e). Plaintiffs are ordered to show cause why this action should not be dismissed for lack of prosecution.  L.R. 41-1.

The Court stays the effect of this order for 30 days so that defendants may continue to pursue the alternative means of financing the Settlement Agreement that it described at the hearing on January 26, 2026.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL                                    'O'

| Case No. | 2:17-cv-02983-CAS-AGRx | Date | January 27, 2026 |
|----------|------------------------|------|------------------|
| Title | Michel Desta v. Wins Finance Holdings Inc. et al | | |

## III.   CONCLUSION

The Court's February 26, 2019 Order Granting Lead Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, dkt. 90, is **VACATED**.

Plaintiffs shall show cause in writing not later than 14 days after this order takes effect, why this action should not be dismissed for lack of prosecution as to defendants.

The effect of this order is **STAYED** for 30 days.

The Court sets a status conference on February 23, 2026, at 11:00 a.m. by Zoom. Zoom Webinar Information can be found on the Court's Website, under Judge Snyder's Procedures and Schedules.

**IT IS SO ORDERED.**

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |